Filed 12/9/22  P. v. Lacroix CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DYLAN RIVERS LACROIX,<br><br>    Defendant and Appellant. | D080497<br><br><br>(Super. Ct. Nos. SCE402172, SCE403469) |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Dylan Rivers Lacroix, in pro. per.; and Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Dylan Rivers Lacroix pleaded guilty to crimes in two separate cases. He stipulated to a sentence of 12 years and eight months as part of the plea

agreement. After sentencing, Lacroix filed a timely notice of appeal but did not obtain a certificate of probable cause (Pen. Code,[1] § 1237.5).

Specifically, Lacroix pleaded guilty as follows:

Case No. SCE402172

Evading a peace officer with reckless driving (Veh. Code, § 2800.2, subd. (a)).

Case No. SCE403469

Selling or furnishing a controlled substance to a minor (Health and Saf. Code, § 11353, subd. (c)) and unlawful sexual intercourse with a minor (§ 261.5, subd. (c)).

Lacroix also admitted to a prior strike (§ 667, subds. (b)-(i)).

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Lacroix the opportunity to file his own brief on appeal. He has responded with a lengthy brief entitled, "Jurisdictional challenge to the constitutionality of unlawful statutes." It appears to be the same document that was filed in the trial court by a nonlawyer on Lacroix's behalf. We have reviewed the document. It does not raise any arguable issues for reversal on appeal.

STATEMENT OF FACTS

In his change of plea, Lacroix admitted he furnished a controlled substance to a minor who was 17 years old. He had intercourse with a minor three years younger than him, and he evaded a police officer with reckless

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

driving while pursued by an officer who was operating a vehicle with siren and lights operating.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether the court erred in moving forward with sentencing after Lacroix expressed confusion and concern regarding the sentencing hearing.

2. Whether the trial court properly found Lacroix had the ability to pay the drug program fee under Health and Safety Code section 11372.7 and whether any such challenge was forfeited by trial counsel's failure to object.

3. Whether the trial court's imposition of "the normal fees and costs" rather than identifying each fine, fee, and penalty imposed, was error that deprived Lacroix of proper notice and fairness.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Lacroix on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.

4